PER CURIAM:
|! Denied. Relator fails to show he was denied the effective assistance of counsel during plea negotiations under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As to his claim that his plea was involuntary or that the state withheld material exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), relator fails to satisfy his post-conviction burden of proof. La.C.Cr.P. Art. 930.2.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. Art. 930.4 and within the limitations period as set out in La.C.Cr.P. Art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. Art. 930.4 to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in state collateral proceedings in accord with La.C.Cr.P. Art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions ^authorizing the filing of a successive application applies, relator has exhausted his *1160 right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
Hughes, J., would grant the writ.